(109 So. 386)

**KIMBROUGH v. TOWN OF HALEYVILLE.**
(6 Div. 916.)

(Court of Appeals of Alabama. June 8, 1926. Rehearing Denied June 29, 1926.)

**1. Municipal corporations ⬦642(1).**

On appeal from judgment of conviction in circuit court on appeal from mayor's court for violating town ordinance, errors must be assigned.

**2. Criminal law ⬦1044, 1086(14), 1121(3).**

Where affirmative charge was not requested in writing nor contained in record, and bill of exceptions did not show that it contained all evidence, sufficiency of evidence was not reviewable.

**3. Criminal law ⬦1045.**

Ruling of trial court on question of sufficiency of evidence to sustain conviction, usually obtained by requesting general affirmative charge, is essential to review of such question.

Appeal from Circuit Court, Winston County; R. L. Blanton, Judge.

Arlie Kimbrough was convicted of violating the prohibition ordinance of the Town of Haleyville, and he appeals. Affirmed.

J. H. Kimbrough, of Haleyville, for appellant.

Counsel argues that the evidence was insufficient to sustain a conviction, and cites Ballentine v. State, 19 Ala. App. 261, 96 So. 732; Guin v. State, 19 Ala. App. 67, 94 So. 788; Burnett v. State, ante, p. 274, 107 So. 321.

Chester Tubb, of Haleyville, for appellee.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. The appellant here was charged with the offense of violating a certain ordinance of the town of Haleyville. The prosecution originated in the mayor's court of said town, and was for the offense of violating the prohibition laws. Upon conviction in the mayor's court, he appealed to the circuit court. The appeal was properly perfected. In the circuit court he was tried for the same offense upon an amended complaint filed by the attorney for the town of Haleyville. No objection by demurrer or otherwise was interposed to the amended complaint, and issue was joined thereon by the defendant's plea of not guilty. From a judgment of conviction in the circuit court this appeal was taken.

[1, 2] The law requires that, upon an appeal of this nature, errors must be assigned. This appellant has done, but there is nothing in this record to sustain either of the assignments of error, three in number, but all relating to the one question—the sufficiency of the evidence to support the verdict of the jury and to sustain the judgment of conviction.

This question is not presented, nor is any other question presented for the consideration of this court. The affirmative charge was not requested in writing. No such charge is contained in the record; therefore assignment of error No. 1 is not borne out or sustained. Moreover, there is nothing to show that the bill of exceptions contains all the evidence adduced upon the trial of this case. Pending the entire trial no exception was reserved to any ruling of the court. No written charges were requested; no motion for a new trial made. Therefore, as stated, there is nothing before us for our decision.

[3] In cases of this character the jurisdiction of this court is appellate only. Review here is limited to matters upon which action or ruling at nisi prius was invoked or had. Accordingly, where it is insisted that the evidence is insufficient to warrant a conviction, a ruling of the trial court on that question must be properly invited in order to invoke or justify a review of the question by this appellate court. This is usually done by requesting the general affirmative charge.

In this case, the trial court had jurisdiction of the subject-matter and of the person. The judgment being grounded upon a verdict accurately responding to the complaint, the adjudication of guilt and the sentence cannot be void.

No question, involving any ruling of the court upon this trial, being presented for our consideration, we must perforce affirm the judgment appealed from.

It is so ordered.

Affirmed.